CHARLES W. KERR *vs.* EUGENE N. SHURTLEFF.

Suffolk.  · November 20, 1913.—May 25, 1914.

Present: RUGG, C. J., HAMMOND, LORING, BRALEY, & DE COURCY, JJ.

*Deceit. Evidence. Practice, Civil,* Conduct of trial: judge's charge, Exceptions. *College of Physicians and Surgeons of Boston. Damages,* In tort.

If, at the trial of an action for deceit in falsely asserting to a student, considering entrance into a certain college for the procuring of a degree in dentistry, that the college gave the degree of D.M.D., the plaintiff in direct examination testifies that the false statement was made to him orally and was, "We can fix

you up nicely in three years, make you a D.M.D.," and in cross-examination testifies that the statement was, that the college would make him a D.M.D., it is for the jury to determine whether the statement testified to on direct examination was made.

A statement by the general agent of a college to a student who is considering entering the college in order to gain an education in dentistry and a degree therein, "We can fix you up nicely in three years, make you a D.M.D.," is in effect a statement that the college has authority to grant that degree; and, if the college has no such authority, the statement may be found to have been not merely a promise, but a false statement of fact.

A representation, by the general agent of the board of trustees of a medical college to a student considering entrance into the college for the purpose of procuring, through a three years' course of study, an education and a degree in dentistry, that the college could grant such a degree, is a material representation, and, if the statement was false and was made by the agent as of his own knowledge without his knowing it to be true or false and for the purpose of inducing the student to act upon it, which, without knowing of its falsity, the student did to his loss, the student may maintain an action for deceit against the agent.

At the trial of an action for deceit against the general agent of a medical college for falsely representing to the plaintiff that the college had authority to grant a degree in dentistry, the judge, subject to an exception by the defendant, instructed the jury in substance that, if they were satisfied that the defendant made an absolute promise to grant the degree to the plaintiff, at the time having no intention to carry out such promise, and that he made it for the purpose of deceiving the plaintiff, they should find for the plaintiff. There was no evidence calling for such an instruction. The jury found for the plaintiff. *Held,* without considering whether the instruction would have been correct if there had been evidence to which it was applicable, that the exceptions must be sustained.

In an action for deceit against the general agent of a medical college for falsely representing to the plaintiff that the college had authority to grant a degree in dentistry, if it appears that the representation was made and that it was false, and that the plaintiff passed all the examinations of the college qualifying him for the degree, it is no defense to the action that a condition of the granting of the degree which was one of the regulations of the college, that three fourths of the faculty should consent to it, was not complied with because, at the meeting of the faculty when the plaintiff's record was considered, less than three fourths of the members were present.

St. 1883, c. 153, § 1, incorporating The College of Physicians and Surgeons of Boston did not give authority to that corporation to grant the degree of Dentariae Medicinae Doctor.

If, in taking an exception to a portion of a charge of a judge to a jury, no reference is made to the state of the pleadings as a basis of the exception, it is not open to the excepting party in this court to support the exception on that ground.

In an action for deceit against the general agent of a medical college for falsely representing to the plaintiff in 1908, when he was considering entering upon a course of study in dentistry, that the college had authority to grant a degree in dentistry, where it appeared that it had authority only to grant the degree of Doctor of Medicine and not a degree in dentistry, exceptions taken by the defendant to the admission in evidence at the trial of statements by the defendant to other physicians, one in 1909 and another in 1910, tending to show

that the defendant did not know whether the college had the right to grant the degree, must be overruled because the evidence was admissible on the issue, whether the defendant made the statement to the plaintiff as of his own knowledge without knowing whether it was true or not; and an exception by the defendant to the admission of evidence that in 1909 the defendant had said to another physician that the college had a right to grant the degree because of their having the right to grant the degree of Doctor of Medicine, and that, having that right, they had the right to grant any degree in medicine, must be overruled because, so far as it was material, the evidence helped and did not harm the defendant.

In such action the plaintiff is not entitled to have considered, as bearing upon the question of damages, what he paid for tuition, because the measure of the damages to which the plaintiff is entitled in case the defendant is liable is the difference in value between what the plaintiff received and what he would have received if the representations of the defendant had been true. In this case, it appearing that the plaintiff had received an education in dentistry without a degree, and that, if the representations of the defendant had been true he would have received both the education and the degree, the measure of damages was *held* to be what it would cost the plaintiff in time and money to get the degree in dentistry.

In the same action, in sustaining exceptions of the defendant and ordering a new trial, it was said that because, if the jury found that the alleged statement had been made by the defendant, it was a statement of fact although it involved a question of law, the trial judge had erred in ruling at the request of the defendant in substance that the statement made by the defendant as to the authority of the college to grant the degree of D.M.D. was "not a statement of a past or present fact," that the right of the college to grant that degree was a question of law, that the plaintiff could not recover for any misstatement by the defendant as to the legal right of the college to grant the degree, and that "a misstatement of the law cannot form the basis of any action for deceit."

LORING, J. This is an action of tort in which the plaintiff alleges that, to induce him to become a student in the College of Physicians and Surgeons, the defendant * falsely represented to him in the summer of 1908 that the college had authority to grant the degree of *Dentariæ Medicinæ Doctor* (D.M.D.) and that acting on that representation the plaintiff enrolled himself as a student, pursued a course of study for three years and passed all the examinations given him by his instructors, but failed to get the degree of D.M.D. by reason of the fact that the defendant did not have authority to grant it. The defendant rested on the plaintiff's evidence. The jury found for the plaintiff, and the case comes before us on exceptions taken by the defendant.†

---

* The general agent of the board of trustees of the college.

† The case was tried before *Crosby*, J.

In disposing of these exceptions we will follow, in the main, the defendant's brief.

1. The defendant has contended that, on the plaintiff's evidence, what was said by him (the defendant) was a promise and not a representation of fact. The plaintiff testified on his direct examination that the defendant said to him, "Well, we can fix you up nicely in three years, make you a D.M.D." That was in effect a statement that the college had authority to grant the degree of D.M.D. It is true that on cross-examination the plaintiff testified to a promise that the college would make him a D.M.D. and did not repeat the statement made by him on direct that we "can . . . make you a D.M.D." In this state of the evidence it was for the jury to decide whether the statement testified to on direct examination was made. *Tierney* v. *Boston Elevated Railway*, 216 Mass. 283. If it was made, a misrepresentation of fact was made by the defendant.

2. The next contention made by the defendant is that under the decision in *Dawe* v. *Morris*, 149 Mass. 188, the representation was immaterial. *Dawe* v. *Morris* was a case where to induce the plaintiff to make a contract with a railroad company to build a section of its road the defendant falsely represented to him that he and another person had bought enough rails at a certain price to build it, and that if the plaintiff entered into a contract with the railroad company they would sell the rails to him at the same price. It was held that this was a representation as to a matter not material to the contract there in question. We are of opinion that the case at bar does not come within that decision. The representation that the college could grant a degree of D.M.D., made to induce the plaintiff to take a three years' course in the college, was a material representation.

3. The presiding judge in his charge told the jury: "If you find . . . that the defendant promised the plaintiff that . . . the college would give him a degree at the end of a three years' course of study, and he did not get his degree, his degree was not given to him, then the plaintiff is entitled to recover, although the college had authority to grant it to him; if you are satisfied that there was an absolute promise on the part of the defendant to grant that degree, and you are satisfied that at the time the promise was made the defendant had no intention that that

promise should be carried out; that he had made the promise wrongfully and for the purpose of deceiving this plaintiff." We find nothing in the evidence stated in the bill of exceptions calling for an instruction on this point. For that reason the exception to this part of the charge must be sustained. Under these circumstances we do not find it necessary to consider whether the charge would have been correct if there had been evidence on which it could have been given. We do not intimate that it would have been correct.

4. The defendant contends that the plaintiff must fail because he did not get the necessary consent of the faculty to entitle him to a degree.* But on the evidence the jury could have found that the plaintiff passed all his examinations satisfactorily. If under these circumstances a degree was not conferred upon him it was not his fault.

5. We are of opinion that the college did not have authority to grant the degree of D.M.D. By St. 1883, c. 268 (now R. L. c. 125, § 10), it is provided that "No corporation organized for medical purposes under the provisions of chapter one hundred and fifteen of the Public Statues shall confer degrees, or issue diplomas or certificates conferring or purporting to confer degrees, unless specially authorized by the Legislature so to do." By an earlier act passed at the same session of the Legislature, the college here in question was authorized "to confer the degree of Doctor of Medicine." St. 1883, c. 153, § 1. The prohibition is against conferring any degrees unless specially authorized. The special authority given is limited to conferring a specified degree, namely, the degree of Doctor of Medicine. Under these circumstances the college did not have authority to confer the degree of D.M.D.

6. The jury could have found that the representation of fact made by the defendant was made as of his own knowledge without his knowing it to be true or false. That made out a case of deceit. *Huntress* v. *Blodgett*, 206 Mass. 318, 324. *Adams* v. *Col-*

---

* The plaintiff testified that he knew that, before he could get the degree of D.M.D., it was necessary that three fourths of the faculty and a majority of the board of trustees should consent thereto. It appeared that, at the meeting of the faculty at which the plaintiff's application for a degree was considered, less than three fourths of the faculty were present.

*lins,* 196 Mass. 422, 428. *Chatham Furnace Co.* v. *Moffatt,* 147 Mass. 403. See also *Montgomery Door & Sash Co.* v. *Atlantic Lumber Co.* 206 Mass. 144, 154. The defendant took an exception to that part of the judge's charge in which the judge so instructed the jury. He seeks now to support that exception on the ground that no allegation to that effect was inserted in the declaration. But the exception taken to this part of the charge did not refer to the state of the pleadings. Under these circumstances it is not now open to the defendant to support the ruling on that ground. See *Noyes* v. *Caldwell,* 216 Mass. 525.

7. Against the defendant's exception Dr. Robertson was allowed to testify that in 1910 he asked the defendant whether the college had a right to grant the degree of D.M.D., and the defendant told him that "he must go slow on that, but if they [meaning the students] could pass the State board first he may be able to grant them a degree;" and Dr. Gilbert, under the defendant's exception, was allowed to testify that in May or June of 1909, the defendant told him that he did not know whether the college had the right to grant the degree of D.M.D. or not. This evidence was plainly admissible on the issue whether the defendant made the statement as of his own knowledge without knowing whether it was true or not. The defendant also took an exception to the testimony given by Dr. Boynton, to the effect that the defendant in 1909 had told him that the college had a right to grant the degree because of their having the right to grant the degree of Doctor of Medicine; that, having that right, they had the right to grant any degree in medicine. This evidence, so far as it was material, helped the defendant and certainly did not harm him. All these exceptions to evidence must be overruled.

8. Although the defendant has contended to the contrary, on the evidence the jury were warranted in finding that the representation which the jury must have found he made to the plaintiff, was made to induce the plaintiff to act upon it and that the plaintiff did act and did rely upon it.

9. We are of opinion that the exception to the rule of damages laid down by the judge in his charge to the jury, was well taken. The judge told the jury that the plaintiff "is entitled to have considered, as bearing upon the question of damages, what he

has paid out as tuition." That was wrong. The rule of damages is the difference in value between that which the plaintiff in fact got and that which he would have got if the representation made had been true. *Thomson* v. *Pentecost,* 206 Mass. 505; *S. C.* 210 Mass. 223. *Morse* v. *Hutchins,* 102 Mass. 439. See also *Lee* v. *Tarplin,* 183 Mass. 52; *Whiting* v. *Price,* 172 Mass. 240; and *Nash* v. *Minnesota Title Ins. & Trust Co.* 163 Mass. 574, 581. What the plaintiff got was an education in dentistry; what he would have got if the representation had been true was an education in dentistry and a degree. The measure of damages, therefore, in the case at bar, is what it will cost the plaintiff in time and money to get a degree of D.M.D., not what he has paid out in getting the education in dentistry without the degree. The exception to this portion of the charge must be sustained.

10. As the case is to go back for a new trial, it ought to be pointed out that the judge should not have given the third, fourth and fifth rulings, which were given at the request of the defendant.* If the jury found that the defendant made the statement testified to by the plaintiff on his direct examination, it was a statement of fact although it involved a question of law. If that statement was made by the defendant, this was not a case where the defendant expressed his opinion as to the legal effect of facts there stated or otherwise known to the parties, but a statement that as matter of fact the college had the right to grant the degree of D.M.D. The distinction is established by the decisions made in *Burns* v. *Lane,* 138 Mass. 350; *Windram* v. *French,* 151 Mass. 547; *Burns* v. *Dockray,* 156 Mass. 135. And see Jessel, M. R., in *Eaglesfield* v. *Londonderry,* 4 Ch. D. 693, 702, 703. To avoid misapprehension it is proper to add that it was stated in *Burns* v. *Dockray,* 156 Mass. 135, 138, that it is still an open

---

* "3rd. That the statement made by the defendant as to the authority of the College of Physicians and Surgeons to grant degrees of D.M.D. is not a statement of a past or present fact.

"4th. The right of the College of Physicians and Surgeons to grant degrees of D.M.D. is a question of law and the plaintiff cannot recover for any misstatement made by the defendant as to the legal right of the College to grant said degree.

"5th. A misstatement of the law cannot form the basis of any action for deceit."

question here whether an action for a false representation of law will lie.

*Exceptions sustained.*

*H. Bergson,* for the defendant.
*J. L. Burns,* for the plaintiff.