[Civ. No. 3295. First Appellate District, Division One.—March 23, 1920.]

ALTA MYERS, Respondent, v. CATHERINE T. LOWERY et al., Copartners, etc., Appellants.

[1] FRAUD—CHARACTER OF HOSPITAL—REPRESENTATIONS OF OWNERS—STATEMENTS OF FACTS.—Statements by the owners of a hospital, who are themselves accredited and registered nurses familiar with the requirements of their profession and its preliminary training, that such hospital is an accredited training school for nurses, which has met the requirements of the state board of health, and that the graduates thereof are accredited for examination by, and registration with, the board, must be held to constitute representations with respect to specific facts and not the statement of matters of opinion.

[2] ID.—EXPRESSION OF OPINION—AFFIRMATION OF EXISTING FACT.—Wherever a party states a matter which might otherwise be only an opinion and does not state it as the mere expression of his own opinion, but affirms it as an existing fact material to the transaction so that the other party may reasonably treat it as a fact and rely and act upon it as such, the statement clearly becomes an affirmation within the meaning of the general rule and may be a fraudulent representation.

[3] ID.—ACCREDITED SCHOOL FOR NURSES—RELIANCE UPON BY STUDENTS.—A statement by the owners of a hospital, made to persons desiring to enter a training school for nurses, that such hospital is an accredited training school for nurses is the affirmation of an existing fact material to the transaction, made to the end that the latter persons will rely and act upon it, and not a representation that such will be the fact at the time of graduation.

[4] ID.—ACTION FOR DAMAGES—ERRONEOUS THEORY OF DEFENDANTS—EVIDENCE.—In an action for damages by a person who entered

---

1.  What statements are fact and what opinion, notes, 1 Ann. Cas. 980; 35 L. R. A. 435.

2.  Right to rely upon expressions of opinion, note, 37 L. R. A. 604.

such hospital to train as a nurse, relying upon the representation of the owners that it was an accredited training school for nurses, the court properly sustained the objection of the plaintiff to certain questions propounded to her upon cross-examination, the purpose of which was to get before the jury the erroneous theory of the defendants that, admitting the representations to have been made and that the course of training was insufficient at the time plaintiff applied for the course in training, it would still be a defense to the action if the plaintiff would be in a position to take the examination required by the state board of health and become a graduate nurse upon completion of the course.

[5] ID.—BURDEN OF PROOF—INSTRUCTIONS.—Where the trial court instructs the jury in effect that the party upon whom the burden rests must prove his case, by a preponderance of the evidence, without informing the jury who the party is, if the defendants desire further instructions on the matter, they should properly prepare and submit them to the court.

[6] ID.—EFFECT OF REPRESENTATIONS — INSTRUCTIONS.—Where a requested instruction, in such case, bearing upon the effect and nature of the representations of the defendants, was fully and properly covered by other instructions given by the court, and was erroneous, in part, in informing the jury that the representations were matters of opinion, it was properly refused.

[7] ID.—VALUE OF SERVICES—EVIDENCE—DAMAGES.—Where the evidence in such action was that the value of the services rendered by the plaintiff was a given amount per week, and the amount of the verdict was at a rate of less than that amount per week, the damages were not excessive.

APPEAL from a judgment of the Superior Court of Los Angeles County. Frank G. Finlayson, Judge. Affirmed.

The facts are stated in the opinion of the court.

Byron C. Hanna and Fredericks & Hanna for Appellants.

Bernard Potter and Lynden Bowring for Respondent.

WASTE, P. J.,—Plaintiff for herself, and on behalf of her assignors, brought this action against the defendants, copartners conducting the St. Catherine's Hospital, in the city of Santa Monica. The action is one for damages, the amount of which is alleged to be the value of services during the time plaintiff and her assignors were employed at said hospital, at the rate of fifteen dollars per week. The trial was had before a jury. A verdict was rendered for

plaintiff upon three counts. Judgment was entered accordingly, and defendants appeal.

[1] In substance, the allegations of the complaint are that plaintiff and her assignors were induced by the defendants to enter the hospital and take up training there, upon the representations of the defendants that the said hospital was an accredited training school for nurses, which had met the requirements of the state board of health of the state of California, and that the graduates of said school were eligible for examination by, and registration with, the board; that relying upon these representations plaintiff and her assignors entered the hospital, and for varying periods of time were employed in caring for patients under treatment, without compensation; that they subsequently learned that the St. Catherine's Hospital was not a training school for nurses, did not meet the requirements of the state board of health, was not an accredited training school, and its graduates were not eligible for examination or registration as nurses; that the training and instruction given the plaintiff and her assignors at the hospital were not such as would qualify them to take such examinations, and no record of any kind or nature was kept, as required by law, showing the qualifications of the nurses in training, or their efficiency in their work, nor was said hospital properly equipped in other respects for a training school for nurses; that plaintiff and her assignors have endeavored to procure entrance to various other hospitals conducting training schools for nurses that are properly accredited, but have been refused admission for the reason that no credit could, or would, be given for the time expended by them in said St. Catherine's Hospital.

There was evidence in support of these allegations. It is admitted by appellants that the representations, as alleged, were made, and it is further conceded by them that the course of training at the hospital was insufficient to meet the requirements of the state board. They contend, however, that the representations were not material, were but the statements of matters of opinion, honestly believed and expressed by the defendants, and that there was no evidence to the contrary. This position of appellants finds no support in the record. The act to promote the better education of nurses and the better care of the sick in the state, providing for and regulating the examination and registration

of graduate nurses, and defining "accredited schools" under
the act, was passed by the legislature some three years be-
fore the plaintiff and her assignors made application to be
enrolled as student nurses at St. Catherine's Hospital.
(Stats. 1913, p. 613.) That statute defines an accredited
training school for nurses, within the meaning of the act,
to be "a school for the training of nurses attached to · or
operated in connection with a hospital, or hospitals, giving
a general training, and a systematic theoretical and practical
course of instruction covering a period of at least three
years."

The defendants were themselves accredited and registered
nurses familiar with the requirements of their profession
and its preliminary training. We must assume that as
owners they well knew St. Catherine's Hospital was not an
accredited school, and was not upon the list of such institu-
tions, as required by the law. It is equally certain that they
knew that the admittedly "insufficient course" did not mea-
sure up to the legal standard required for the training of
nurses. Under such circumstances we must hold the repre-
sentations to have been made strictly with respect to specific
facts. [2] Even though there might have been some con-
trary belief on the part of the defendants, or some of them,
the evidence clearly brings the statements within the rule
laid down by Mr. Pomeroy, and so many times approved in
this state and elsewhere, that "Wherever a party states a
matter which might otherwise be only an opinion and does
not state it as the mere expression of his own opinion, but
affirms it as an existing fact material to the transaction so
that the other party may reasonably treat it as a fact and
rely and act upon it as such, then the statement clearly be-
comes an affirmation within the meaning of the general rule
and may be a fraudulent representation." (*Barron Estate
Co.* v. *Woodruff,* 163 Cal. 561, 573, [42 L. R. A. (N. S.) 125,
126 Pac. 351; *Crandall* v. *Parks,* 152 Cal. 772, 776, [93 Pac.
1018] ; *Crowley* v. *Smythe,* 46 N. J. L. 380, 388, [50 Am.
Rep. 432].)

[3] In support of their contention that the representa-
tions made to the plaintiff and her assignors were not ma-
terial, appellants argue that "to entitle a graduate of a
nurses' training school to take the examination to become a
registered nurse it is not necessary that the school should

have been an accredited training school during the entire time that the student was in attendance at the school. It is only necessary that the school be an accredited school at the time the student graduated." The representation was not to the effect that the hospital would be upon the list when plaintiff and her assignors were ready to graduate, after three years of service, but that it was actually already accredited by the state board of health. The statement was the affirmation of "an existing fact material to the transaction," made to the end that the plaintiff and her assignors might, and the evidence shows did, rely and act upon it.

[4] One of the theories of the defense is that, admitting the representations to have been made, and that the course of training of St. Catherine's Hospital was insufficient at the time the plaintiff and her assignors applied for the course in training, it would still be a defense to the action if the plaintiff and her assignors would be in position to take the examination required by the state board of health and become graduate nurses, upon completion of the course. We think this is a false quantity in the case. Consequently, the court was correct in sustaining the objection of the plaintiff to certain questions propounded to her upon cross-examination, the purpose of which was to get this erroneous theory before the jury. The defendants do not appear to have been unduly limited upon their cross-examination of the plaintiff, in regard to matters under proper inquiry.

[5] The court instructed the jury as follows: "In civil cases a preponderance of evidence is all that is required, and by 'a preponderance of evidence' is meant such evidence as when weighed with that opposed to it has more convincing force, and from which it results that the greater probability is in favor of the party upon whom the burden rests."

Appellants contend that the effect of the instruction was to tell the jury that the party upon whom the burden rested must prove his case, by a preponderance of the evidence, without informing the jury who the party was. An instruction on the point suggested was included by appellants in another, otherwise bad, which was properly rejected. If appellants desired any further instructions on the matter, they should have properly prepared and submitted them to the court.

[6] The appellants requested the following instruction, which the court properly denied: "You are instructed that if you find that the defendants, or any of them, stated or represented to the plaintiff, or the plaintiff's assignors, that the training school for nurses operated by the St. Catherine Hospital was an accredited training school, such statement was a representation of an opinion as distinguished from a representation of fact, and you must not return a verdict for the plaintiff based upon such representation unless you are convinced by a preponderance of the evidence that such representation was untrue and was made by the defendant or defendants with knowledge of the fact that it was untrue.

"If you find that such representation was made and that such representation was an honest expression of opinion on the part of defendant or defendants, you must not return a verdict for the plaintiff based upon such representation."

The matter was fully and properly covered by other instructions, given by the court, which were based upon the rule laid down by Mr. Pomeroy, already quoted. Furthermore, the requested instruction was erroneous, in part, in informing the jury that the representations were matters of opinion, and was for that reason properly refused. (*Marriner* v. *Dennison,* 78 Cal. 202, 215, [20 Pac. 386].)

Appellants are in error in stating that facts sufficient to constitute a cause of action are not pleaded, in that there is no allegation that the defendants knew the representations made by them to be false at the time they were made. The amended complaint contains such averment.

[7] The contention that damages are excessive is not borne out by the evidence, which was that the value of the services rendered was fifteen dollars per week, while the amount of the verdict is at the rate of less than twelve dollars per week.

The judgment is affirmed.

Richards, J., and Knight, J., *pro tem.,* concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on May 20, 1920.

All the Justices concurred.