### JOHLE v. MARTIN.   (No. 471.)

(Court of Civil Appeals of Texas. Waco. Jan. 27, 1927.)

**1. Bills and notes ⚙═92(1)—Notes, given for payee's interest in life insurance association, not subject to sale, held void for lack of consideration.**

Notes given for payee's interest in life insurance association, which, if it had been organized, would have belonged to members and in which payee would have had no interest subject to sale, were void for lack of consideration, and maker had right of cancellation of notes still held by payee.

**2. Bills and notes ⚙═103(1)—Notes, given pursuant to fraudulent representations, agreements, and promises of payee, held void as between parties and subject to cancellation.**

Notes, given for interest in life insurance association pursuant to fraudulent representations, agreements, and promises of payee, without intention of keeping or complying therewith, were void as between parties, and maker had right of cancellation of notes still held by payee.

**3. Contracts ⚙═94(1)—Fraudulent representations or promises to furnish grounds for avoidance need not be embodied in contract.**

Fraudulent representations or promises to furnish grounds for avoidance need not be embodied in contract.

**4. Cancellation of instruments ⚙═24(1)—On cancellation of notes, void for lack of consideration and fraud, maker who had received nothing was under no obligation to restore anything.**

On cancellation of notes void as between parties for fraud and lack of consideration, maker who had received nothing therefor was not required to restore anything.

**5. Cancellation of instruments ⚙═58—Judgment for maker against payee of note, obtained by fraud and wrongfully negotiated for amount thereof, was proper in cancellation suit.**

Where payee of note, void for want of consideration and fraud, wrongfully negotiated it to innocent purchaser for value, judgment for maker against payee for amount thereof was proper in cancellation suit.

**6. Fraud ⚙═25, 59(1)—Defrauded maker of note, wrongfully negotiated to innocent purchaser, may sue payee for damages for amount of note.**

Maker of negotiable note, induced by fraud and deceit and wrongfully negotiated to innocent purchaser, has cause of action against payee perpetrating fraud, and measure of damages is amount of note.

Appeal from District Court, Hamilton County; Joe H. Eidson, Judge.

Suit by M. A. Martin against E. T. Johle and A. C. Cox, dismissed as to the latter defendant. From a judgment for plaintiff, the first-named defendant appeals. Affirmed.

Wilkinson & Wilkinson, of Brownwood, for appellant.

Eidson & Nabors, of Hamilton, for appellee.

STANFORD, J. Suit by appellee against appellant and A. C. Cox to cancel for want of consideration and for fraud in the procurement of four notes for $250 each, payable to the order of appellant, E. T. Johle, said notes executed by appellee, M. A. Martin, and wife, Willie Martin, and to restrain said Johle and Cox from transferring said notes. Each defendant filed a plea of privilege to be sued in Brown county, which pleas were controverted by plaintiff. Each defendant, without waiving his plea of privilege, filed an answer, consisting of a general demurrer and general denial. Appellee dismissed as to defendant Cox, and upon a trial before the court the plea of privilege and general demurrer of appellant were overruled and judgment was rendered canceling three of said notes, and the temporary injunction theretofore granted was made permanent, and judgment was rendered against appellant for the amount of one of said notes which had been transferred by appellant to A. C. Cox. The trial court filed findings of fact and conclusions of law.

Under his first four assignments, appellant contends the court erred in finding that appellant made false and fraudulent representations in Hamilton county to appellee, and that, by reason of such false and fraudulent representations, appellant procured the execution and possession of said notes, and that, as between the parties, said notes were void; and also erred in canceling three of said notes.

The trial court found, in substance, that a short time prior to October 11, 1924, appellee and appellant entered into a verbal agreement to organize a mutual insurance association at Hamilton, Tex., and that appellee would be in charge as secretary and look after its operation for one year, at which time the parties would either agree to continue together or one would buy the other out; that on October 11, 1924, appellant came to Hamilton from his home in Brownwood and

brought with him a typewritten set of by-laws for the purpose of organizing said proposed insurance association, which by-laws he had copied from the by-laws of a similar association which he was conducting in Brownwood, but instead of appellant's name in the by-laws as one of the officers, he had inserted his brother's name; that appellee objected to proceeding with appellant's brother as one of the promoters. At this time no directors had been procured, no members obtained, nothing had been paid in, no association had resulted, and nothing had been done toward organizing said association. Appellant attempted to substitute his brother, because he (appellant) was interested in one at Brownwood and claimed he could not be interested in any other association. That on appellee's refusal to proceed further with the brother of appellant, appellant proposed to sell to appellee his interest in said proposed association and take his brother's name out of it, for $1,100, $100 cash, and four notes for $250 each, dated October 11, 1924, and due November 10, 1925, May 10, 1926, November 10, 1926, and May 10, 1927, but that said notes should not be paid until said proposed association was a success and had 2,000 members, and that said notes should not become valid or binding obligations until said association should become a success and had 2,000 members; that appellee objected to signing said notes that were negotiable on their face; whereupon, appellant promised appellee that he would not sell said notes to any person, but that he would keep them, and, in the event the association did not make good and get the 2,000 members, that the notes would be void and should not be paid; that appellee then suggested that said agreement be written in the notes, to which appellant assented. Said notes were then drawn and appellee signed them, believing said agreement had been stated in the notes, and in reliance on the statements, representations, and agreements on the part of appellant not to sell the same and to keep them in his own possession, and that if said association did not make good and get the 2,000 members, the notes would be void and should not be paid; that said statements, representations, promises, and agreements so made by appellant to appellee induced appellee to execute and deliver said notes to appellant, which he would not have done except for his reliance on the same; that within a very short time after appellant got possession of said notes in the manner above stated, he began to try to sell same, and in about two months did sell one of said notes to A. C. Cox, in such manner as to render the said A. C. Cox an innocent purchaser thereof before maturity and for value. That appellant is claiming that he has the right to transfer and negotiate all of said notes and, unless restrained, will probably do so; that appellant did not, at the time he made same, intend to keep and perform his agreements, statements, representations, and promises made to appellee, which induced appellee to execute and deliver said notes to him, and said statements and promises were fraudulently made by appellant in Hamilton county to appellee for the purpose of inducing appellee to execute and deliver said notes. That said notes were given for the supposed interest of appellant or his brother in a proposed mutual life insurance association, which had not been organized, and no steps taken to organize same, and which was not in existence. That the notes above described were payable in Hamilton county. That said association, up to the date of the trial of this case, had only 1,100 members and had not been a success in the manner contemplated and agreed upon between the parties.

The above findings of the trial court are sustained by the evidence and are hereby adopted as the findings of this court.

[1, 2] As shown by the above findings of fact, the notes were given for appellant's supposed interest in the Hamilton Mutual Life Insurance Association, which, at the time said notes were given, had not been organized. Appellant and appellee had entered into an agreement that they would, by their joint efforts in the future, organize said association, but appellant breached that agreement before anything had been done, and refused to go further with it, and tried to force a substitute agreement on appellee, whereby appellee would work with the brother of appellant in the organization of said association, but appellee would not enter into this agreement and refused to work with appellant's brother. At this point the association had not been organized and there had not been any perfected agreement that it would be organized, nor who would do the organizing, but it was at this point that the notes to appellant for his supposed interest in the concern were executed. Appellant had no copyright or patent right in the plan of organization, since the plan is prescribed by our statutes and belongs alike to every citizen of Texas. In fact, if said association had been organized, it would have belonged to the members composing said association, and appellant could not have owned any interest other than what was owned by every other member, and, certainly, no interest that was subject to barter and sale. The notes were void as between the parties because there was no consideration for their execution and delivery. We think also said notes, as between the parties, were void in that their execution and delivery were procured by the fraudulent representations, agreements, and promises of appellant, without any intention on his part at the time he made same of keeping or complying therewith. Touchstone v. Staggs (Tex. Civ. App.) 39 S. W. 189; South Texas Mtg. Co. v. Coe (Tex. Civ. App.) 166 S. W. 419; May v. Clear-

ley et al. (Tex. Civ. App.) 138 S. W. 165; McKenzie v. Easton (Tex. Civ. App.) 138 S. W. 1089.

[3] Fraudulent representations or promises, in order to furnish grounds for avoidance, need not be embodied in the contract. Ranger v. Hearne, 41 Tex. 260; Henderson v. Railway Co., 17 Tex. 576, 67 Am. Dec. 675; Davis v. Driscoll, 22 Tex. Civ. App. 14, 54 S. W. 44. Appellant, on the witness stand, admitted that he, at no time, owned any interest in the insurance order to be organized, and admitted the law would not permit him to own any such interest, and contended the notes were given him, not for an interest in the proposed concern, for he had no interest to sell, but for his services in preparation for the organization of said insurance order; he also denied the acts of fraud charged in procuring the execution and delivery of said notes, and claimed the right to negotiate said notes. But the findings of the court, supported by the evidence, were against appellant in all these contentions. In fact, the record discloses appellant performed no services relating to the organization of said order, except furnishing a typewritten copy of the constitution and by-laws of a similar order he had organized at Brownwood.

[4] Appellee had received nothing for said $100 cash paid and said four notes, and therefore on cancellation of same was under no obligation to restore anything. As we view the case, there is no theory on which the court could have rendered judgment for appellant. Appellee was entitled to have the three notes still held by appellant at the time this case was tried canceled. We overrule appellant's assignments raising the questions above discussed.

[5] Under his fifth assignment and proposition thereunder submitted, appellant contends that the court erred in rendering judgment against him for the amount of the note that he (appellant) had transferred to the defendant, A. C. Cox. The record discloses the suit was brought by appellee against appellant and A. C. Cox, alleging that appellant had procured the execution of four notes by fraudulent statements and promises, etc., and without any consideration, and that appellant had sold or pretended to sell one of said notes to defendant Cox, but that Cox had paid nothing of value for same and was not an innocent purchaser, etc. Both appellant and Cox filed a general demurrer and general de-

nial. On the call of the case for trial, appellee dismissed the case as to Cox. The court found that the four notes were procured by fraud and without consideration by appellant and that appellant still owned three of said notes, but that the other one had been sold by appellant to A. C. Cox and that he (Cox) was an innocent purchaser of said note for value before maturity, and proceeded to render judgment against appellant canceling the three notes still held by him, and also rendered a personal judgment against appellant for the amount of the note owned and held by A. C. Cox. As stated above, the evidence not only shows that appellant, by fraud and deceit, induced appellee to execute and deliver said four notes to him, but, in furtherance of his scheme to defraud appellee and in violation of his solemn promise not to do so, negotiated one of said notes to A. C. Cox under such circumstances as to constitute him an innocent purchaser, thereby creating an absolute liability on the part of appellee to Cox for the amount of said note.

[6] We think, where a party by fraud and deceit induces another to execute and deliver to him a negotiable promissory note and then wrongfully negotiates said note to an innocent purchaser, thereby creating absolute liability on the part of the maker to such innocent holder, a cause of action at once arises for damages in favor of the maker against the payee perpetrating such fraud, and the measure of his damages is the amount of the note so wrongfully put into circulation. We have not been able to find a Texas case involving this exact question, but this is the rule in many other jurisdictions, and is sustained by sound reason and a sense of justice, and is supported by the following authorities: Hoffman v. Toft et al., 70 Or. 488, 142 P. 365, 52 L. R. A. (N. S.) 945, and note; Thayer v. Manley, 73 N. Y. 305; Daniel on Negotiable Instruments (5th Ed.) § 776–A; Metropolitan Elevated Ry. Co. v. Kneeland, 120 N. Y. 134, 24 N. E. 381, 8 L. R. A. 253, 17 Am. St. Rep. 619; Briggs v. Brushaber, 43 Mich. 330, 5 N. W. 383, 38 Am. Rep. 187; Kitchens v. Ryner, 8 Ga. App. 587, 69 S. E. 1086; Kelly v. McGrath, 70 Ala. 75, 45 Am. Rep. 75; Northrop v. Hill, 57 N. Y. 351; Myers v. Lowery, 46 Cal. App. 682, 189 P. 793; Goring v. Fitzgerald, 105 Iowa, 507, 75 N. W. 359; 26 C. J. p. 1175, § 83.

We overrule this assignment and affirm the judgment of the trial court.