(127 So. 538)

### CLAYTON v. GLASSCOCK.

### 7 Div. 943.

Supreme Court of Alabama.

March 27, 1930.

J. Valdor Curtis and Haralson & Son, all of Ft. Payne, for appellant.

Chas. J. Scott, of Ft. Payne, for appellee.

ANDERSON, C. J.

It has been said that misrepresentation or concealment as to matter of law cannot constitute remedial fraud, because everyone is presumed to know the law, and therefore cannot in legal contemplation be deceived by erroneous statements of law, and such representations are ordinarily regarded as mere expressions of opinion on which the hearer has no right to rely. Further, it has been held that a charge of fraud cannot be predicated on an honest error in a statement of the law. But misrepresentations involving a point of law will be held actionable misrepresentations of fact if it appears that they were so intended and understood as where they amounted to an implied assertion that facts existed which justified the conclusion of law expressed and where, in addition to misrepresentations of law, there were also actionable misrepresentations of fact recovery may be had. 26 C. J. 1207.

Count 2 of the complaint falls quite aptly under the influence of Myers v. Lowery, 46 Cal. App. 682, 189 P. 793, and Keer v. Shurtleff, 218 Mass. 167, 105 N. E. 871, wherein it was held that misrepresentations quite similar to the ones here charged were actionable. The trial court did not err in overruling the demurrer to count 2 of the complaint.

While some confusion has arisen in the application of sections 5676, 5677, and 8049 of the Code of 1923, in cases of deceit and fraud and which we attempted to reconcile in the case of Cartwright v. Braly, 218 Ala. 49, 117 So. 477, the present complaint avoids the necessity of drawing distinctions or explanations as to the field of operation of said sections respectively. It charges, in specific terms, that the representations made by the defendant "were made by him with full knowledge on his part that they were not true, and were made for the purpose of deceiving the plaintiff and did deceive her to her damages as aforesaid."

Charge 2, requested by the defendant, should have been given. Likewise, the trial court erred in reading certain parts of the statute to the jury which were inapt, as they did not apply to the issue in the case as made by the complaint.

As this case must be reversed for the errors pointed out, it is unnecessary to pass on the motion for a new trial. We will suggest, however, that the verdict was contrary to the great weight of the evidence. Owing to our scintilla rule and from a few statements of the plaintiff, when a witness, the defendant was not due the general charge. But the gravamen of the charge, as to the representations made the plaintiff, is "that if she would work in his hospital for a period of three years she would be entitled to take the examination before the board of nurses examiners of the state and become a registered trained nurse, and represented to the plaintiff that the hospital which he was operating was duly an accredited under the laws of the State of

Alabama and was authorized by law to graduate nurses therefrom." This averment was not proven, except perhaps by inferences to be drawn from certain statements of the plaintiff when a witness. On the other hand, the plaintiff testified that when she went there, and, in the presence of her mother, "Dr. Clayton and Miss Love said that I could stay there two years and then the third year I could affiliate in some hospital and then I would be eligible to take the State Board Examination, after the end of the third year." The plaintiff's mother testified to the same effect, and the defendant's evidence throughout denies any statement to the effect that she could take the state examination after working for him three years, or that his hospital was authorized by law to graduate nurses therefrom.

The judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

GARDNER, BOULDIN, and FOSTER, JJ., concur.