(130 So. 395)

## CLAYTON v. QUIATTO.

### 7 Div. 973.

Supreme Court of Alabama.

Oct. 23, 1930.

J. Valdor Curtis and Haralson & Son, all of Ft. Payne, for appellant.

Charles J. Scott, of Ft. Payne, for appellee.

BOULDIN, J.

The action is for damages for deceit. Count 2 charges, in substance, that defendant represented that, upon entering his hospital and working as student nurse for two years, plaintiff would get credit for such time on entering a regular hospital training school for nurses; that plaintiff was thereby induced to work without pay in defendant's hospital for two years; that such representations were false; that on entering an accredited school plaintiff received no credit for the time served in defendant's hospital; that such representations were known to be false and made with intent to deceive.

This is a companion case to Clayton v. Glasscock (Ala. Sup.) 127 So. 538.[1] The tenor of the misrepresentations charged in the two cases is different, but both charge the misrepresentations were made with intent to deceive.

Defendant's refused charge 1 in the instant case is in substance the same as refused charge 2 in the Glasscock Case. Its refusal was error. Clayton v. Glasscock, supra.

The trial court, as part of his oral charge, read section 5677 of the Code of 1923, a portion of which was inapt. Whether further instructions so clarified the case as to avoid the criticism expressed in the Glasscock Case, we need not decide.

Appellant suggests that the measure of damages in such cases should be defined for the guidance of the lower court.

In Myers v. Lowery, 46 Cal. App. 682, 189 P. 793, one of the cases cited in the Glasscock Case, the complaint claimed as damages the reasonable value of the services procured as a result of such misrepresentations. Without discussion of the proper measure of damages, the verdict based on evidence of the facts alleged was sustained as not excessive.

In Kerr v. Shurtleff, 218 Mass, 167, 105 N. E. 871, also cited in the Glasscock Case, the question of measure of damages was considered, and declared to be the additional cost in time and money required for plaintiff to get the credits which she would have gotten if the representations had been true.

We approve this rule. Cost in time in this regard is to be measured by the reasonable value of services to be rendered during such apprenticeship, less what plaintiff receives by way of board and lodging or other living expenses under the customary rules of hospital training schools.

If the representations had been true, a larger income from the profession of a nurse would probably be earned at an earlier date, but the amount of same is too contingent and speculative to be the basis of recovery at law.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.

[1] Ante, p. 3.