58 So.2d 112

### HOLLINS v. NALLS.
### 6 Div. 117.

Supreme Court of Alabama.
April 3, 1952.

Wade H. Morton and Andrew W. Griffin, Birmingham, and Finis E. St. John, Cullman, for appellee.

Arthur D. Shores and Peter A. Hall, Birmingham, for appellant.

LAWSON, Justice.

Verdine Nalls, a colored woman, lived in Cullman, where she worked in a private home as a maid. Her mother and sister lived in Birmingham. Verdine was desirous of moving to Birmingham and requested her sister to be on the lookout for a house she could buy or a lot on which she could build a house. In July, 1948, Ozema Nalls, Verdine's sister, in response to an advertisement, contacted Thedford Forrest, a colored real estate broker. She was shown some property in Titusville, which she deemed unsuitable for her sister. She requested that Forrest contact her when he had other property for sale. Thedford Forrest told Ozema he wanted to show her some property in Smithfield, a residential area in North Birmingham. Ozema notified Verdine and the latter came to Birmingham, where she contacted Forrest on July 28, 1948. Forrest took Verdine and Ozema out to view the property. Upon returning to Forrest's office Verdine paid the sum of $100 as earnest money on the purchase of a lot. On the same day Verdine signed what is termed a real estate sales contract, whereby she agreed to purchase the following described property: "The North 50 feet of the North 100 feet of lots 9–10–11 in Block 29 in the survey of North Smithfield." The purchase price was $1500. In

addition to the earnest money it was provided that the purchaser pay as down payment the sum of $400 on the closing of the sale. The balance of $1000 was payable in monthly installments of $25 with interest. Verdine's signature to the contract was witnessed by W. H. Hollins, another colored real estate broker, who did business as Hollins & Shores Realty Company.

The property was owned by Mr. Lewis Bowen, who was not present at the time the sales contract was signed by Verdine. Hollins subsequently presented the contract to Bowen, who then signed it. Bowen never had any contact with the purchaser.

On September 4, 1948, Verdine Nalls returned to Birmingham and paid to Hollins the sum of $400. Shortly thereafter Verdine received a deed to the property and she in turn executed a purchase money mortgage.

Hollins advised that a survey was needed and that he could have it made for a cost of $25. The survey was made. Verdine Nalls paid the cost.

Thereafter Verdine applied for a permit to build a house on the lot. Her application was not granted because she did not have plans. She then secured a draftsman who drew plans, for which she paid the sum of $45. She renewed her efforts to secure a permit from the Building Inspector of the city and from the Zoning Board. She was never told definitely that she could not secure a permit but her application was not granted prior to the time this suit was filed, although she had made repeated efforts to secure the permit.

On August 9, 1949, Verdine Nalls filed this suit in the circuit court of Jefferson County to recover damages on the ground that it was a falsely represented to her that the property which she purchased was in a territory zoned for colored residences, when in fact it was zoned for white occupancy, and that her failure to secure a permit was due to that fact. The defendants in the original suit, against whom service was had, were Hollins & Shores Realty Company, a corporation, and Lewis Bowen and his wife, Lucy Bowen. On August 26, 1949, Lewis and Lucy Bowen filed their demurrer. On September 6, 1949, Hollins & Shores Realty Company, by W. H. Hollins, filed its plea in abatement. On November 21, 1949, the complaint was amended by adding as a party defendant W. H. Hollins, doing business as Hollins & Shores Realty Company. On December 29, 1949, a demurrer was filed by Hollins & Shores Realty Company, by W. H. Hollins, and on February 15, 1950, W. H. Hollins, doing business as Hollins & Shores Realty Company, filed a demurrer.

On February 22, 1950, Lucy Bowen was stricken as a party defendant and there was judgment for Hollins & Shores Realty Company on its plea in abatement. Demurrers of the remaining defendants were overruled and they separately pleaded the general issue in short by consent. The complaint was subsequently amended and the demurrers as refiled were overruled. After the evidence was all taken, but before the case went to the jury, Lewis Bowen was stricken as a party defendant.

The case went to the jury on the complaint of Verdine Nalls and the plea of the general issue in short by consent of the only remaining defendant, W. H. Hollins, doing business as Hollins & Shores Realty Company.

The jury returned a verdict in favor of the plaintiff in the sum of $3000. Judgment was in accord with the verdict. Defendant filed a motion for new trial. Plaintiff consented to a reduction of the verdict and judgment to $1200 and a judgment in that amount was rendered in favor of the plaintiff against W. H. Hollins, doing business as Hollins & Shores Realty Company. The motion for new trial was then overruled. W. H. Hollins, doing business as Hollins & Shores Realty Company, has appealed to this court.

 It is insisted that the trial court erred in overruling appellant's demurrer. The argument is that the complaint does not contain averments showing remedial fraud in that the misrepresentation relied upon is shown to be as to a matter of law.

In Clayton v. Glasscock, 221 Ala. 3, 127 So. 538, we said:

178

"It has been said that misrepresentation or concealment as to matter of law cannot constitute remedial fraud, because everyone is presumed to know the law, and therefore cannot in legal contemplation be deceived by erroneous statements of law, and such representations are ordinarily regarded as mere expressions of opinion on which the hearer has no right to rely. Further, it has been held that a charge of fraud cannot be predicated on an honest error in a statement of the law. But misrepresentations involving a point of law will be held actionable misrepresentations of fact if it appears that they were so intended and understood as where they amounted to an implied assertion that facts existed which justified the conclusion of law expressed and where, in addition to misrepresentations of law, there were also actionable misrepresentations of fact recovery may be had. 26 C.J. 1207.

"Count 2 of the complaint falls quite aptly under the. influence of Myers v. Lowery, 46 Cal.App. 682, 189 P. 793, and Keer v. Shurtleff, 218 Mass. 167, 105 N.E. 871, wherein it was held that misrepresentations quite similar to the ones here charged were actionable. The trial court did not err in overruling the demurrer to count 2 of the complaint." 221 Ala. 4, 127 So. 539.

Both counts of the complaint specifically charge that the representation was made with knowledge of its falsity; that it related to a material fact and was made willfully to deceive the plaintiff with the intent to induce her to purchase the property to her injury.

In view of our holding in Clayton v. Glasscock, supra, the trial court did not err in overruling the demurrer to the original complaint or to the complaint as amended.

■ Under the pleading and evidence in this case, the trial court refused without error appellant's requested charge 5 because of its misleading tendencies.

■ The rule in respect to a motion by the defendant to exclude all plaintiff's evidence is that the trial court will not be put in error for refusing the motion, nor will it be put in error for granting it if the evidence does not make a prima facie case. Mount Vernon-Woodberry Mills v. Little, 222 Ala. 605, 133 So. 710. See Johnson v. Shook & Fletcher Supply Co., 245 Ala. 123, 16 So.2d 406; Stevens v. Deaton Truck Line, 256 Ala. 229, 54 So.2d 464; Hamilton v. Browning, ante, p. 72, 57 So.2d 530.

■ There are two counts in the complaint. In the first count the misrepresentation is charged to the defendant and in the second count it is charged to agents, servants or employees of defendant while acting within the line and scope of their employment. Even if it be assumed that defendant's requested charge 3 should have been given if the complaint contained only the first count, it was refused without error in view of the fact that it ignores the second count. Seaboard Air Line R. Co. v. Pemberton, 202 Ala. 55, 79 So. 393.

■ The court's action in overruling the motion for a new trial is assigned as error. In brief it is argued that the evidence shows without dispute that Forrest was not the agent of appellant and hence appellant is not chargeable with any misrepresentation made by Forrest. We cannot agree with the view taken by appellant on this point. Moreover, there was evidence going to show that appellant made similar representations to the effect that the property was zoned for colored occupancy and it is without dispute that it was zoned "white" at the time of the transaction.

■ The only other contention made in brief as to why the trial court erred in overruling the motion for new trial is that it was not made to appear that appellee suffered any damage as a result of the alleged misrepresentation. The property was purchased for use as a residence. For many months plaintiff was denied that use. She was put to expense in connection with her efforts to secure a permit. In a case of this kind the jury may award punitive damages where gross fraud is shown. Schock v. Bear, 250 Ala. 529, 35 So.2d 97; Southern Building & Loan Association v. Dinsmore, 225 Ala. 550, 144 So. 21; Southern Building & Loan Association v.

Bryant, 225 Ala. 527, 144 So. 367. As we view the evidence in this case, the jury would have been justified in finding the defendant guilty of gross fraud.

We have considered the questions treated in brief of appellant as we understand the brief. No reversible error appearing in any of the matters assigned as error and argued in brief, the judgment appealed from must be affirmed. It is so ordered.

Affirmed.

LIVINGSTON, C. J., and BROWN and STAKELY, JJ., concur.