I would affirm the judgment of the trial court.
The evidence, viewed most favorably to Clark, indicates that Knollmeyer told Clark that she was entitled to only 50 weeks of compensation.[1] Knollmeyer apparently based this representation on his understanding of Ala. Code 1975, §25-5-57(a)(3)a(16) and (a)(3)(d). Section 25-5-57(a)(3)a(16) provides for 200 weeks of compensation "[f]or the loss of a leg." Section 25-5-57(a)(3)(d) provides as follows:
 "Loss of Use of Member. — The permanent and total loss of the use of a member shall be considered as equivalent to the loss of that member, but in such cases the compensation specified in the schedule for such injury shall be in lieu of all other compensation, except as otherwise provided herein. For permanent disability due to injury to a member resulting in less than total loss of use of the member not otherwise compensated in this schedule, compensation shall be paid at the prescribed rate during that part of the time specified in the schedule for the total loss or total loss of use of the respective member which the extent of the injury to the member bears to its total loss."
(Emphasis added.) Clark's "physical capacity evaluation" states that her fall resulted in a "right femoral basal neck fracture." Clark correctly contends that an injury to the pelvic bone does not come within the schedule providing for 200 weeks of compensation for the loss of a leg. SeeMalbis Bakery Co. v. Collins, 245 Ala. 84, 15 So.2d 705 (1943). However, the record reflects that Clark's disability resulted from a fracture to the upper portion of her right femur. The femur (thigh bone) and the pelvis are the two bone structures that form the hip joint. The hip is a ball-and-socket joint in which the head of the femur forms an articulation with the acetabulum or cavity in the innominate bone of the pelvis. R. Gray, Attorneys' Textbook of Medicine § 8.00 et seq. (3rd ed. 1991). Therefore, because Clark's injury was to the upper portion of her leg, Knollmeyer did not misrepresent the maximum number of weeks of compensation to which Clark was entitled under § 25-5-57. The summary judgment *Page 399 
as to the misrepresentation claim was, therefore, proper.[2]
MADDOX, J., concurs.
[1] I note that a misrepresentation involving a point of law is actionable if it amounted to an implied assertion that facts existed that justified the conclusion of law expressed. Allisonv. Stevens, 269 Ala. 288, 112 So.2d 451 (1959); Clayton v.Glasscock, 221 Ala. 3, 127 So. 538 (1930).
[2] Clark submitted the affidavit of Eugene McMeans, a former claims adjuster, who stated that, in his opinion, the compensation for Clark's "hip" injury should have been calculated under § 25-5-57(a)(3)(g) ("Compensation for Permanent Partial Disabilities Not Enumerated"). That provision does allow for a maximum of 300 weeks of compensation. However, because Clark's disability was due to an injury to her leg — an injury enumerated in § 25-5-57(a) — the premise on which McMeans's opinion was based was incorrect and did not create a genuine factual issue as to whether Knollmyer had made a misrepresentation to Clark.